IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Ron Tearia Nicholas, ) | C/A No. 8:05-3371-RBH-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Report of Magistrate Judge** |
| ) | |
| Warden of Kirkland Correctional ) | |
| Institution; South Carolina ) | |
| Department of Corrections; and ) | |
| Attorney General Henry McMaster, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondents' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on December 19, 2005. On February 10, 2005, the respondents moved for summary judgment. By order filed February 13, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 15, 2006, the petitioner filed a response.

## **PROCEDURAL FACTS**

The petitioner is a state prisoner currently housed at the Kirkland Correctional Institution. On September 11, 1995, the petitioner committed an armed robbery. He pled

guilty and was sentenced to thirty (30) years, suspended to five (5) years of probation. (Resp.'s Mem. Supp. Summ. J. Ex. 7 at 7; R. p. 83.)  While on probation, on April 21, 1997, the petitioner committed another armed robbery.  On October 17, 1997, the petitioner pled guilty to the second armed robbery.  (*Id*. at 8; R.86.)   The trial judge determined at that time that the petitioner's first sentence for his 1995 armed robbery was improper.  (*Id*. at 17; R. 85.)[1]   Therefore, the petitioner's probation was revoked and he was re-sentenced to twenty (20) years for the 1995 robbery and sentenced to 20 years for the 1997 robbery, to run concurrently.   (*Id*.at 7-8; R.p. 83.)

The petitioner did not file a direct appeal.  The petitioner filed an application for post-conviction relief (PCR) on October 30, 1998, alleging ineffective assistance of counsel. He alleged his counsel failed to inform of his right to appeal; failed to inform him of his potential sentence; and failed to discuss the petitioner's jail-house cases.  (R. p. 78.) On August 26, 1999, the PCR court denied the petitioner relief.  (R.p. 80.)   The petitioner appealed to the South Carolina Supreme Court.  On March 22, 2001, the South Carolina Supreme Court denied certiorari.  (R. p. 80.)

The petitioner then filed a federal habeas petition on November 11, 2001.  In that petition, the petitioner raised the following grounds for relief:

>    Denial of Effective Assistance of Counsel
>
>    a.  Counsel did not perform with diligence;
>
>    b.  The Applicant was not told he would receive anything more than 15 years and thought he had a 15 year deal.

---

[1] The petitioner had filed a state habeas petition alleging his sentence for the 1995 armed robbery was improper.  (App. p. 7.)

2

>    c. He thought his 15 year deal would also be concurrent with a 1996 parole violation.

On June 24, 2002, United States District Judge David C. Norton adopted the report of the magistrate recommending the petition be dismissed.  The petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit.  On September 30, 2002, the United States Court of Appeals for the Fourth Circuit dismissed the appeal.  *Nicholas v. Miro*, 02-7100 (4th Cir. Sept. 30, 2002)(unpublished).  The petitioner sought certiorari in the United States Supreme Court on March 17, 2003.  On May 5, 2003, the United States Supreme Court denied certiorari.  *Nicholas v. Miro*, 02-9661, 538 U.S. 1019 (U.S. May 5, 2003).

On May 12, 2003, the petitioner then filed a second PCR application.  (App. pp. 38-45.)  In this application, the petitioner alleged ineffective assistance of counsel based an ex post facto violation. (*Id.*)   At the PCR hearing, counsel for the petitioner amended his claim and raised a claim of ineffective assistance of counsel because his plea counsel informed him that he would be eligible for parole and he alleged he had only recently learned that he had to serve 85% of his sentence before being eligible for parole.  On April 14, 2004, the PCR court denied the petitioner relief finding the statute of limitations barred the petitioner's PCR application. (App. 62-63.)   In addition, the PCR court found that the petitioner's PCR application was successive to the petitioner's prior PCR application.  (*Id*.) The petitioner appealed to the South Carolina Supreme Court alleging the PCR court erred in dismissing the application as untimely.  On November 2, 2005, the South Carolina Supreme Court denied the petition.

On May 20 , 2004, the petitioner filed an inmate grievance with the SCDC claiming

3

that his sentence had been misinterpreted. (Resp.'s Mem. Supp. Summ. J. Ex. 7 at 2.) He contended that he was being deprived of the statutory right to earn good time credits at the rate of twenty (20) days per month and that he was being forced to serve 85% of his sentence. On October 8, 2004, his grievance was denied. The SCDC concluded that the petitioner's maxout date was accurate and "the eighty-five per cent rule is a non-grievable issue." (*Id*.)

On November 1, 2004, appealed to the South Carolina Administrative Law Court ("ALC"). (*Id*. at 1.) He asserted that his sentence had been miscalculated so that he had to serve 85% of his sentence. *Nicholas v. South Carolina Department of Corrections*, 04-ALJ-04-00522, Grievance Number MSU-0067-04. As of February 9, 2006, the respondents contend, based upon information received from the clerk at the Administrative Law Court, that this matter is still pending before the ALC. (Resp. Mem. Supp. Summ. J. at 8.)

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is

deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Because the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*,

134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## DISCUSSION

**MERITS**

The respondents contend this habeas petition should be dismissed both on the merits and because it is barred by the statute of limitations and is an unauthorized successive habeas petition. (Resp. Mem. Supp. Summ. J. 10-12.) Notwithstanding any procedural bars, on the merits, the petitioner's claim fails.

The petitioner alleges only one ground for habeas relief. He alleges an "Ex Post

Facto Violation under the State and Federal Constitution U.S. Const. Art. I , Sec 10, S.C. Const. Art. I, sec. 4." (Pet. 5.)    In 1996, the South Carolina General Assembly enacted S.C. Code Ann. § 24-13-150 which provides that certain felonies and violent offenses are "no parole" offenses and a defendant is not eligible for parole until he has served 85% of the sentence.[2]  This statute, commonly referred to as the 85% rule, became effective on January 1, 1996, and applied prospectively to all crimes committed thereafter.  S.C. Code Ann. § 24-13-150.  Accordingly, the 85% rule applies to the petitioner's sentence for the 1997 armed robbery, but not to his sentence for the 1995 armed robbery.  The petitioner contends that because his sentences for the 1995 and 1997 armed robberies are to run concurrently, application of the 85% rule to his sentence for the 1997 armed robbery violates the ex post facto clause.   (App. 39.)

Specifically, the petitioner contends that because his sentence was to run concurrently to the sentence imposed for a 1995 crime, he is entitled to the application of the old law for both sentences.  However, simply because his sentences are to run concurrently, does not eliminate the application of the 85% rule to the sentence for the 1997 crime.  *See Gerberding v. United States*, 84 F.2d 1353 (8th Cir. 1973)(holding the petitioner offers no authority or logic to support his contention that the termination of one concurrent sentence terminates all concurrent sentences).

> The fact that the sentences run concurrently merely means that the convict is given the privilege of serving each day a portion of each sentence, so that in practical effect so far as he is concerned if he serves the sentence and nothing occurs

---

[2]Moreover, a defendant serving a "no parole" offense, is eligible to earn only three days of good time credit per month, S.C. Code Ann. § 24-13-210, and can earn no more than six days of earned work credits per month. S.C. Code Ann. § 24-13-230.

7

> subsequent to the judgment to alter the situation he is discharged at the expiration of the maximum term imposed upon any one of the counts. If, however, the sentence upon each count was different, he could not be discharged until he had served the longest sentence. Even if the sentences were all for an equal period, a pardon of the convict upon all but one of the counts would not relieve him from serving the full term imposed upon the count for which no pardon was granted.

*Id*. at 1355-56 (*citing in Nishimoto v. Nagle*, 44 F.2d 304, 305 (9th Cir. 1939).

Calculating the petitioner's parole eligibility in this manner is not an ex post facto violation because the 85% rule applies to the petitioner's sentence for the 1997 armed robbery which remains a separate sentence apart from the sentence for the 1995 armed robbery, notwithstanding the sentences are to run concurrently.[3]  Accordingly, the petitioner's claim is without merit.

## STATUTE OF LIMITATIONS

Alternatively, the petitioner's claims should be dismissed as barred by the statute of limitations. Under the AEDPA:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3]To hold otherwise, would mean that if a defendant is sentenced to 20 years for one offense and 5 years on another, to run concurrently, he would have to serve only the lesser 5 year sentence.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court held a petitioner's state PCR petition, which was rejected by the state court as untimely under the state's statute of limitations, was not "properly filed" within the meaning of the statutory tolling provision of the AEDPA, and the petitioner was not entitled to the equitable tolling of the AEDPA limitations period.[4]  Here, in his second PCR application, the state PCR court dismissed the matter both as successive to the earlier PCR action and a late application under the state's statute of limitations for PCR applications.  (App. 59-63.)[5]

---

[4] In *Pace*, the Court also held that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 544 U.S. 408, 417 (2005) (internal citation omitted).  Equitable tolling "is appropriate when, but only when, extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir.2001) (citing *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.2000)). Here, the undisputed facts clearly show the petitioner was not diligently pursuing his rights on this claim and that there were no extraordinary facts which stood in his way.

[5] The petitioner now contends that he cannot bring a PCR action raising this issue because of the holding in *Al-Shabazz*, 527 S.E.2d 742 (2000). (Pet.'s Mem. Opp. Summ. J. at 1-2.) However, in *Coats v. State*, 575 S.E.2d 557 (S.C. 2003), the court held that a claim similar to the petitioner's claim is appropriate for PCR because he

9

Accordingly, pursuant to *Pace*, the petitioner is not entitled to equitable tolling. Clearly, a year has passed since the petitioner's conviction became final and, without the benefit of tolling, this petition is barred by the statute of limitations.

**SECOND OR SUCCESSIVE HABEAS PETITION**

Additionally, the petitioner's habeas petition should be dismissed as a second and successive petition. This petition is the petitioner's second federal habeas action challenging his sentence and he has not received pre-filing authorization pursuant to 28 U.S.C. § 2244 (b). from the United States Court of Appeals for the Fourth Circuit.

Pursuant to § 2244(b), before a second or successive application is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application.§ 2244(b)(3)(A). Leave may be granted only if the proposed habeas petition contains at least one claim that (a) rests on a new rule of constitutional law, made retroactive by the Supreme Court, or (b) rests on a previously undiscoverable factual basis that would demonstrate the applicant's innocence by clear and convincing evidence. *See* 28 U.S.C.A. § 2244(b)(2); *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir.2003).

There is no question that this habeas petition is, numerically, the petitioner's second one. "However, it is settled law that not every numerically second petition is a "second or successive" petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). When a first petition is dismissed on technical grounds, such as failure to

---

alleged that counsel was ineffective for improperly advising him that he would be parole eligible. To the extent, that the petitioner now raises his claim outside of the ineffective assistance of counsel context, the claim falls on the merits, as discussed herein.

10

exhaust state remedies, it is not counted and a subsequent petition is not considered second or successive. *Id*.

Here, this petition is successive. The petitioner is claiming an ex post facto violation based upon the fact that he is required to serve 85% of his 20 year sentence for the 1997 armed robbery before he is parole eligible. This claim was not presented in the first federal habeas action in which he contended that he had been promised a fifteen (15) year sentence. However, the record at that time showed that the petitioner was parole eligible with a max out date of December 13, 2015. (PCR Appeal App. 102.) Therefore, the factual predicate for the petitioner's current claim could have been discovered through the exercise of due diligence. Accordingly, this petition should be dismissed as successive because the petitioner could have known of, and raised, the claim at the time of the first action.[6]

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO ORDERED AND RECOMMENDED.

S/Bruce H. Hendricks
United States Magistrate Judge

---

[6] The undersigned also notes that the petitioner has a claim pending before the South Carolina Administrative Law Court, Docket No. 04-ALC-04-00522. However, it has been pending for almost two years. Thus, the undersigned declines to recommend a dismissal of this action based upon failure to exhaust as exhaustion may be futile at this point.

August 14, 2006
Greenville, South Carolina